# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2020**

**000942**

E-Filing Number: 2005021619

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| BRIAN FELDMAN | SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY |

*Filed and Attested by the Office of Judicial Records 13 AUG 2020 01:24 pm A. STANATO*

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 111 WARREN STREET<br>WILLOW GROVE PA 19090 | 1234 MARKET STREET 4TH FLOOR<br>PHILADELPHIA PA 19107 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | NATIONAL RAILROAD PASSENGER CORPORATION, ALIAS:<br>AMTRAK |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 60 MASSACHUSETTS AVENUE<br>WASHINGTON DC 20002 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | BOZZUTO CONSTRUCTION COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | C/O CT CORPORATION 600 NORTH 2ND STREET SUITE<br>401<br>HARRISBURG PA 17101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 11 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>MAY 15 2020<br><br>A. SILIGRINI | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BRIAN FELDMAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT J. MONGELUZZI | ONE LIBERTY PLACE 52ND   FLOOR<br>1650 MARKET ST.<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)496-8282 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36283 | VSmith@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ROBERT MONGELUZZI | Friday, May 15, 2020, 02:42 pm |

Case ID: 200500942

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
   1234 MARKET STREET 4TH FLOOR
   PHILADELPHIA PA 19107
2. NATIONAL RAILROAD PASSENGER CORPORATION
   ALIAS: AMTRAK
   60 MASSACHUSETTS AVENUE
   WASHINGTON DC 20002
3. BOZZUTO CONSTRUCTION COMPANY
   C/O CT CORPORATION 600 NORTH 2ND STREET SUITE 401
   HARRISBURG PA 17101
4. VITO BRACCIA CONSTRUCTION, LLC
   536 EASTON ROAD
   HORSHAM PA 19044
5. ALTINO CONCRETE CONSTRUCTION, LLC
   536 EASTON ROAD
   HORSHAM PA 19044
6. ALTINO CONCRETE CONSTRUCTION LLC
   536 EASTON ROAD
   HORSHAM PA 19044
7. CP ACQUISITIONS 25, LLC
   18 E. LANCASTER AVENUE
   WYNNEWOOD PA 19096
8. CP ACQUISITIONS 25 GP,LLC
   18 E. LANCASTER AVENUE
   WYNNEWOOD PA 19096
9. CP ACQUISITIONS 25, L.P.
   18 E. LANCASTER AVENUE
   WYNNEWOOD PA 19096
10. TEREX CORPORATION
    C/O THE CORPORATION SERVICE CO 2595 INTERSTATE DRIVE SUITE 103
    HARRISBURG PA 17110
11. MODERN GROUP, LTD.
    2501 DURHAM ROAD
    BRISTOL PA 19007

Case ID: 200500942

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: ROBERT J. MONGELUZZI/DAVID L. KWASS/
DAVID J. LANGSAM
IDENTIFICATION NO.: 36283/65856/308764
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282



Filed and Attested by the
Office of Judicial Records
Attorneys for Plaintiff 02;42 pm
A. SILIGRINI

| | |
|---|---|
| **BRIAN FELDMAN**<br>111 Warren Street<br>Willow Grove, PA 19090 | **PHILADELPHIA COURT**<br>**OF COMMON PLEAS** |
| *Plaintiff,*<br><br>v. | **MAY TERM 2020**<br><br>No. |
| **SOUTHEASTERN PENNSYLVANIA**<br>**TRANSPORTATION AUTHORITY**<br>1234 Market Street, 4th Floor<br>Philadelphia, PA 19107<br><br>*And* | |
| **NATIONAL RAILROAD PASSENGER**<br>**CORPORATION D/B/A AMTRAK**<br>60 Massachusetts Ave.<br>Washington, D.C. 20002<br><br>*And* | |
| **BOZZUTO CONSTRUCTION**<br>**COMPANY**<br>c/o CT Corporation<br>600 North 2nd Street<br>Suite 401<br>Harrisburg, Pennsylvania 17101<br><br>*And* | |
| **VITO BRACCIA CONSTRUCTION, LLC**<br>536 Easton Road<br>Horsham, PA 19044<br><br>*And* | |

**ALTINO CONCRETE CONSTRUCTION,
LLC**
536 Easton Road
Horsham, PA 19044

*And*

**ALTINO CONCRETE CONSTRUCTION
LLC**
536 Easton Road
Horsham, PA 19044

*And*

**CP ACQUISITIONS 25, LLC**
18 E. Lancaster Avenue
Wynnewood, PA 19096

*And*

**CP ACQUISITIONS 25 GP, LLC**
18 E. Lancaster Avenue
Wynnewood, PA 19096

*And*

**CP ACQUISITIONS 25, L.P.**
18 E. Lancaster Avenue
Wynnewood, PA 19096

*And*

**TEREX CORPORATION**
c/o The Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

*And*

**MODERN GROUP, LTD.**
2501 Durham Road
Bristol, PA 19007

                                    *Defendants.*

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701"

"AVISO

"Le han demandado a u
expuestos en las páginas s
demanda y la notificación.
abogado y entregar a la co
contra de su persona. Sea
continuar la demanda en r
a favor del demandante y
Usted puede perder diner

"LLEVE ESTA DEMANDA
TIENE EL DINERO SUFICIEN
TELÉFONO A LA OFICIN.
DONDE SE PUEDE CONSEG
INFORMACION SOBRE CON
PAGAR A UN ABOGADO, E
QUE OFRECEN SERVICIOS I
HONORARIO REDUCIDO O

ASSOCIACION DE LIC
SERVICIO DE REFEREI
One Reading Center
Filadelfia, Pennsylva
Teléfono: (215) 238-

## COMPLAINT – CIVIL ACTION

1.      Plaintiff, Brian Feldman, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 111 Warren Street, Willow Grove, PA 19090.

2.      Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter referred to as Defendant "SEPTA") is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1234 Market St., Philadelphia, PA 19107.

3.      At all times relevant hereto, Defendant SEPTA was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant SEPTA.

4.      At all times relevant hereto, Defendant SEPTA purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

5. Defendant, National Railroad Passenger Corporation d/b/a Amtrak (hereinafter referred to as Defendant "Amtrak") is a corporation or other business entity organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue, Washington, D.C. 20002.

6. At all times relevant hereto, Defendant Amtrak was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant Amtrak.

7. At all times relevant hereto, Defendant Amtrak purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

8. Bozzuto Construction Company ("Bozzuto") is a business entity organized under the laws of the State of Maryland and registered as business corporation in the Commonwealth of Pennsylvania with a agent for service of process located at 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

9. At all times relevant hereto, Bozzuto was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Bozzuto.

10. At all times relevant hereto, Bozzuto purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

11.     Defendant, Vito Braccia Construction, LLC is a limited liability company organized and existing under the laws of Pennsylvania with a primary place of business located at 536 Easton Road, Horsham, PA 19044.

12.     At all times mentioned herein, Defendant, Vito Braccia Construction, LLC, purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and regularly conducts and conducted business in Philadelphia County.

13.     At all times mentioned herein, Vito Braccia Construction, LLC was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

14.     Defendant, Altino Concrete Construction, LLC, is a limited liability company organized and existing under the laws of Pennsylvania (Entity # 3904823) with a primary place of business located at 536 Easton Road, Horsham, PA 19044.

15.     At all times mentioned herein, Defendant, Altino Concrete Construction, LLC, purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and regularly conducts and conducted business in Philadelphia County.

16.     At all times mentioned herein, Altino Concrete Construction, LLC was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

17.     Defendant, Altino Concrete Construction LLC, is a limited liability company organized and existing under the laws of Pennsylvania with a primary place of business located at 536 Easton Road, Horsham, PA 19044.

18.     At all times mentioned herein, Defendant, Altino Concrete Construction LLC, purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and regularly conducts and conducted business in Philadelphia County.

19.     At all times mentioned herein, Altino Concrete Construction LLC was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

20.     At all times mentioned herein, Defendants, Altino Concrete Construction, LLC and Altino Concrete Construction LLC, operated as the same business entity or in concert with each other by and through their employees, servants, and agents, acting within the course and scope of their employment, service and agency.

21.     Defendant Vito Braccia Construction, LLC, Defendant Altino Concrete Construction, LLC, and Defendant Altino Concrete Construction LLC are collectively referred to hereinafter as "Altino".

22.     Cross Properties Realty, LLC is a business entity organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 18 E. Lancaster Avenue, Wynnewood, PA 19096.

23.     At all times relevant hereto, Cross Properties Realty, LLC was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Cross Properties Realty, LLC.

24.     At all times relevant hereto, Cross Properties Realty, LLC purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial,

continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

25.     CP Acquisitions 25, LLC is a business entity organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 18 E. Lancaster Avenue, Wynnewood, PA 19096.

26.     At all times relevant hereto, CP Acquisitions 25, LLC was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with CP Acquisitions 25, LLC.

27.     At all times relevant hereto, CP Acquisitions 25, LLC purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

28.     CP Acquisitions 25 GP, LLC is a business entity organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 18 E. Lancaster Avenue, Wynnewood, PA 19096.

29.     At all times relevant hereto, CP Acquisitions 25 GP, LLC was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with CP Acquisitions 25 GP, LLC.

30.     At all times relevant hereto, CP Acquisitions 25 GP, LLC purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

31.    CP Acquisitions 25, L.P. is a business entity organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 18 E. Lancaster Avenue, Wynnewood, PA 19096.

32.    At all times relevant hereto, CP Acquisitions 25, L.P. was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with CP Acquisitions 25, L.P.

33.    At all times relevant hereto, CP Acquisitions 25, L.P. purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

34.    Defendants Cross Properties Realty, LLC, CP Acquisitions 25, LLC, CP Acquisitions 25 GP, LLC and CP Acquisitions 25, L.P. are collectively referred to hereinafter as "Cross Properties."

35.    Defendants, John Does (1-10), are unknown individuals, business entities, or government organizations that owned, controlled, managed, supervised and maintained the premises where Mr. Feldman was injured and were responsible for the development and implementation of safe work practices and adequate safety, maintenance, inspection and training programs, policies and procedures. The identities of these individuals or entities are not known to the Plaintiff who consequently sue these Defendants by their fictitious names. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of these fictitiously named Defendants when they have been ascertained.

36.    Defendant Terex Corporation, ("Terex") is a business entity organized under the laws of the State of Delaware and registered as business corporation in the Commonwealth of

Pennsylvania with a agent for service of process located at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

37.     At all times relevant hereto, Terex was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Terex.

38.     At all relevant times, Terex purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

39.     Modern Group, Ltd. ("Modern") is a business entity organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2701 Durham Road, Bristol, PA 19007.

40.     At all times relevant hereto, Modern was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Modern.

41.     At all relevant times, Modern purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

42.     Terex and Modern are engaged in the business of designing, manufacturing, marketing, distributing and selling cranes to the consuming public nationwide, including consumers in Pennsylvania and Philadelphia County.

43.     Terex and Modern either directly, or through affiliated companies, jointly and severally designed, manufactured, marketed, and/or sold mobile cranes like the Terex 4600L involved in this accident.

44.     At all relevant times, Cross Properties owned, managed and controlled the real property located at 10 Union Avenue, Bala Cynwyd, PA 19004 at which The Kelly Apartments were being constructed.

45.     At all relevant times, Cross Properties retained and/or hired Bozzuto and Altino to construct The Kelly Apartments.

46.     Cross Properties, Bozzuto, Altino and John Does (1-10) owned, controlled, supervised, maintained and/or possessed the property located at 10 Union Avenue, Bala Cynwyd, PA 19004 at which The Kelly Apartments were being constructed.

47.     Cross Properties, Bozzuto, Altino and John Does (1-10) were responsible for the development, implementation and supervision of safe work policies and procedures regarding the work completed as part of The Kelly Apartments construction project.

48.     The Kelly Apartments construction project included within the scope of work the removal and/or trimming of trees located on the property located at 29 Bala Avenue, Bala Cynwyd, PA 19004, which is immediately adjacent to the property located at 10 Union Avenue, Bala Cynwyd, PA 19004 at which The Kelly Apartments were being constructed.

49.     Upon information and belief, the tree trimming and removal work was intended to provide tenants at The Kelly Apartments with an unobstructed view of the Philadelphia skyline as indicated below:



50. Cross Properties, Bozzuto, Altino and John Does (1-10) retained and/or hired Colonial Tree & Landscaping, Inc. ("Colonial") to complete the above-referenced tree trimming and removal work.

51. On April 11, 2019, Plaintiff, Brian Feldman, was lawfully working at 29 Bala Avenue in Bala Cynwyd, Pennsylvania on behalf of his employer, Colonial, to assist with the tree trimming and removal work that was part of The Kelly Apartments construction project work scope.

52. For the purpose of the tree trimming and removal work that Colonial was performing, Cross Properties, Bozzuto, Altino and John Does (1-10) controlled, supervised, maintained and/or in possession of the property located at 29 Bala Avenue in Bala Cynwyd.

53. At all relevant times, Cross Properties, Bozzuto, Altino and John Does (1-10) controlled, supervised, managed and directed the work performed by Colonial in connection with the tree trimming and removal work that was part of The Kelly Apartments construction project work scope.

54. At all relevant times, Colonial was using a Terex Crossover 4500L 45-ton mobile crane to perform the tree trimming and removal work.

55.     At all relevant times, Modern sold the Terex Crossover 4500L 45-ton mobile crane to Colonial.

56.     Upon information and belief, 1T9TX045LEW12035 is the crane serial number.

57.     During the performance of the work, the crane hoist line came into direct or indirect contact with an energized, unprotected 138 kV electrical line.

58.     At all relevant times, SEPTA and/or Amtrak were responsible for and owned, controlled, monitored, supplied, supervised, maintained and/or possessed the 138 kV electrical line.

59.     At the time of the direct or indirect electrical hoist line contact, the crane conducted electrical current into Brian Feldman as he was walking on the ground between the crane and a Colonial log truck.

60.     As a result, Mr. Feldman suffered severe electric shock that caused him severe and permanent injuries, including but not limited to:

- Burns to over 60% of his body including severe third degree burns on over 10% of his body;

- Subglottic/tracheal stenosis;

- Hyperkalemia;

- Acute Kidney Injury;

- Compartment Syndrome;

- Impaired mobility;

- Severe electric shock;

- Injuries necessitating skin grafts and surgeries;

- Injuries necessitating the use of potent pain medication;

- Inability to function independently and care for oneself;

- The irretrievable loss of life's pleasures;

- Emotional distress and pain and suffering;

- The loss of business and business opportunities;

- Chronic physical pain, suffering and loss of life's pleasures, past, present and future;

- Loss of performing his usual duties and services;

- Loss of earnings capacity, past, present and future;

- Hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment;

- Other psychological, psychiatric, neurological, emotional and physical injuries, the full extent of which are yet to be determined and some or all of which may be permanent in nature; and

- Scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life.

61.      Defendants' conduct and defective products increased the risk of harm and/or was a factual cause and/or was a substantial factor in causing Mr. Feldman's injuries.

62.      As a direct and proximate result of Defendants' conduct and defective products, Plaintiff, Brian Feldman, suffered the injuries and damages described herein.

63.      Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

64.    Plaintiff avers that his injuries and damages were caused solely by the acts and/or omissions of the Defendants, jointly and/or individually and/or by and through their respective agents, servants, workmen and/or employees as hereinbefore and hereinafter set forth.

## COUNT I
## PLAINTIFF v. SEPTA AND AMTRAK

65.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint the same as if set forth at length herein.

66.    Defendants' conduct caused Brian Feldman's injuries in the following respects:

a.    failing to bypass the 138 kV line which contacted the crane hoist line;

b.    failing to otherwise protect workers from accidental electrical line contacts;

c.    failing to adhere to its responsibilities under 34 Pennsylvania Code section 39.101, to install and maintain electrical supply equipment so as to reduce the life hazard as far as practicable;

d.    failing to use insulated conductors;

e.    failing to place barriers, hoses, sleeves or other protective devices over its power conductors to preventing workers and workers' equipment from coming into direct contact or in close proximity with its power lines when tending vegetation on their property;

f.    failing to bypass or de-energize the overhead span in close proximity the area where tree trimming was being performed;

g.    failing to adequately warn workers of the hazardous condition created by the flow of large amounts of electricity and the lethal hazard presented by working with industrial equipment in close proximity to the overhead span;

h. failing to enact and enforce policies or programs to educate workers of the dangers of working within 10 feet of energized overhead lines;

i. failing to enact and enforce a policy or program to educate workers of the dangers associated with high voltage power conductors;

j. failing to comply with the National Electrical Codes;

k. failing to comply with the National Electrical Safety Codes;

l. failing to exercise the highest degree of care commensurate with its responsibility as a supplier of electrical power of its circumstances;

m. breaching its duties under Sections 402A, 413, 416 and 427 of the Restatement (Second) of Torts;

n. failing to inspect its high voltage power conductors to determine whether the power conductors were in a reasonably safe condition under the facts and circumstances then and there existing;

o. failing to adopt and employ proper and adequate safety precautions, procedures, measures, programs, and plans;

p. failing to employ proper and adequate safety devices and other safety equipment;

q. failing to enact and enforce adequate clearance guidelines;

r. failing to formulate, enact and enforce adequate safety programs and measures with respect to its power conductors;

s. failing to require or suggest recommendations or guidelines for companies that perform tree trimming work in close proximity to its overhead power conductors;

t. failing to properly investigate and analyze accidents and take appropriate corrective actions;

u.  failing to perform visual inspections of its power conductors to ensure adequate line clearances from the tree trimming work being performed; and

v.  failing to place the overhead power conductors underground;

67.   Defendants' conduct was a substantial factor and/or factual cause and/or increased the risk of harm to Plaintiff.

68.   By reason of Defendants' conduct, Plaintiff sustained permanent, horrific and life-altering injuries as listed above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and/or severally, a sum in excess of $50,000.00 in compensatory damages and delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

## COUNT II
## PLAINTIFF v. CROSS PROPERTIES, BOZZUTO, ALTINO AND JOHN DOES (1-10)

69.   Plaintiff hereby incorporates all preceding paragraphs of this Complaint the same as if set forth at length herein.

70.   Cross Properties, Bozzuto, Altino and John Does (1-10) were contractors and/or general contractors responsible for the work completed as part of The Kelly Apartments construction project.

71.   Defendants' conduct caused Brian Feldman's injuries in the following respects:

a.   failing to provide plaintiff a safe place in which to work;

b.   failing to adequately inspect their work for hazardous conditions;

c.   failing to eliminate electrical hazards which may impact its work;

d.   failing to coordinate with other entities and sub-contractors;

e.      creating unreasonable electrical hazards;

f.      failing to adequately plan, plot and supervise the work;

g.      violating applicable OSHA rules regulations and general worksite safety, including 29 CFR 1926.416;

h.      breaching their duties under the <u>Restatement of the Law of Torts (Second)</u>;

i.      failing to properly train and supervise personnel;

j.      failing to hire competent employees, safety inspectors, contractors and subcontractors;

k.      failing to warn plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing as a result of its work;

l.      failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

m.      violating and failing to comply with federal and state statutes, local ordinances, and all other rules and regulations pertaining to the performance of the work;

n.      failing to perform and furnish services in conformity with the standard of care then and there prevailing in the construction industry at the time said services were performed and furnished;

o.      performing and furnishing construction safety and inspection services in a wholly inadequate and negligent manner;

p.      failing to properly supervise the work;

q.      failing to perform a Safety Task Analysis;

r.      failing to require and enforce a requirement that workers sign off on site-specific safety rules;

s.      exposing plaintiff, a business invitee, to peculiar and unreasonable danger;

t.      failing to notify the relevant utility companies that work was going to be performed at the worksite so that safety measures could be implemented to ensure a safe work environment;

u.      failing to cease/postpone construction work until proper and necessary precautions could be taken to safeguard employees, including plaintiff;

v.      failing to recommend, provide and enforce frequent inspections of the work area;

w.      failing to notice and correct the hazard posed by the close physical proximity between the area where the work was being performed and Amtrak and/or SEPTA's overhead power lines;

x.      failing to warn workers of the hazard posed by the close physical proximity between the area where the work was being performed and Amtrak and/or SEPTA's overhead power lines;

y.      failing to contact Amtrak and/or SEPTA to request that it correct the hazard posed by the close physical proximity between the area where the work was being performed and Amtrak and/or SEPTA's overhead power lines;

z.      failing to contact Amtrak and/or SEPTA to request that it protect against the hazard posed by the close physical proximity between the area where the work was being performed and Amtrak and/or SEPTA's overhead power lines through the use of line snakes or other physical barriers;

aa.    allowing workers who were business invitees to be exposed to the hazard posed by the close physical proximity between the tree trimming work performed and Amtrak and/or SEPTA's overhead power lines;

bb.    failing to ensure a safe worksite free from unreasonable hazards to life and limb; and

cc.    failing to provide workers with appropriate equipment to safely complete the construction work at the worksite.

72.    Defendants' conduct was a substantial factor and/or factual cause and/or increased the risk of harm to Plaintiff.

73.    By reason of Defendants' conduct, Plaintiff sustained permanent, horrific and life-altering injuries as listed above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and/or severally, a sum in excess of $50,000.00 in compensatory damages and delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

## COUNT III
## PLAINTIFF v. TEREX AND MODERN

74.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint the same as if set forth at length herein.

75.    Defendants' conduct caused Mr. Feldman's injuries in the following respects:

    a.   failing to design and/or utilize proper designs for the manufacture, assembly, sale, and distribution of the Terex 4600L so as to minimize the risk of injury or death to persons working in conjunction with and/or in and around the Terex 4600L;

    b.   failing to direct and require manufacturers/assemblers to adhere to applicable safety regulations and standards;

c. failing to adequately inform and warn purchasers and ultimate users of the Terex 4600L of the hazards and dangerous created by the operation and use of the Terex 4600L;

d. designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

e. designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

f. designing, assembling, manufacturing, selling, supplying and distributing a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

g. designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to protect bystanders and users of said product;

h. designing, assembling, manufacturing, selling, supplying and distributing a product which could be designed more safely;

i. designing, assembling, manufacturing, selling, supplying and distributing a product without appropriate devices to permit safe work in and/or around powerlines;

j. failing to incorporate safety measures into the product that would have prevented the risk of injury or death to its operators and users;

k. failing to adequately and properly test said product after its design and/or assembly under reasonably foreseeable circumstances;

l. failing to recall and/or retrofit the Terex 4600L with safety measures that would have prevented the risk of injury or death to its operators and users;

m. failing to design, manufacture and/or sell the Terex 4600L with an insulated link; and

n. failing to design, manufacture and/or sell the Terex 4600L with a proximity sensor and/or warning device.

76. Defendants' conduct was a substantial factor and/or factual cause and/or increased the risk of harm to Plaintiff.

77. By reason of Defendants' conduct, Plaintiff sustained permanent, horrific and life-altering injuries as listed above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and/or severally, a sum in excess of $50,000.00 in compensatory damages and delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

## COUNT IV
## PLAINTIFF v. TEREX AND MODERN

78.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint the same as if set forth at length herein.

79.    Terex and Modern are in the regular business of designing, assembling, manufacturing, distributing, selling and/or supplying mobile cranes such as the subject Terex 4600L.

80.    Terex and Modern marketed and/or placed the Terex 4600L involved in Mr. Feldman's accident into the general stream of commerce.

81.    Terex and Modern distributed, sold and/or supplied the Terex 4600L involved in Mr. Feldman's accident in a defective condition because of its unsafe and improper construction and design.

82.    The Terex 4600L was expected to and did reach end users, including Mr. Feldman and Colonial, without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold and/or supplied by Terex and Modern.

83.    At all relevant times, the Terex 4600L was used and employed for the purpose for which it was designed and manufactured, and was used in a foreseeable manner.

84.    The Terex 4600L was in a defective condition as: (1) the dangers associated therewith were unknowable and unacceptable to the average or ordinary consumer; and/or (2) a

reasonable person would conclude that the probability and seriousness of the harm caused by the Terex 4600L outweigh the burden or costs of taking precautions.

85.     The Terex 4600L's defective condition caused Mr. Feldman's injuries and damages.

86.     Terex and Modern are strictly liable to Plaintiff for the injuries and damages suffered.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and/or severally, a sum in excess of $50,000.00 in compensatory damages and delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of this suit and brings this action to recover same.

SALTZ MONGELUZZI & BENDESKY P.C.

BY: /s/ David J. Langsam
Robert J. Mongeluzzi, Esquire
David L. Kwass, Esquire
David J. Langsam, Esquire
Attorneys for Plaintiff

Date: May 15, 2020

DocuSign Envelope ID: 38030BA5-C777-4350-9537-A0EAE3E47A5C

## **VERIFICATION**

Filed and Attested by the
Office of Judicial Records
15 MAY 2020 02:42 pm
A. SILIGRINI

The averments or denials of fact contained in the foregoing are true based upon the signer's

personal knowledge or information and belief. If the foregoing contains averments which are

inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the

inconsistent averments are true, but signer has knowledge or information sufficient to form a belief

that one of them is true. This Verification is made subject to the penalties of the 18 Pa. C.S. §4904,

relating to unsworn falsification to authorities.

DocuSigned by:

8C3511C088E3400
BRIAN FELDMAN

Date: 5/12/2020